FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZIRKLE FRUIT COMPANY, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>GUARDIAN IGNITION INTERLOCK MANUFACTURING, INC., a Georgia corporation,<br><br>    Defendant. | No. 1:23-CV-03025-SAB<br><br>**ORDER DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** |

    A summary judgment motion hearing was held in the above-captioned matter on October 18, 2023 in Yakima, Washington. Plaintiff was represented by Jerome Aiken. Defendant was represented by Thomas Vandenburg. Pending before the Court are Plaintiff's Motion for Partial Summary Judgment as to Liability, ECF No. 17, and Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and Cross Motion for Summary Judgment Dismissing Plaintiff's Negligence Claim, ECF No. 30.

    At the hearing, Plaintiff Zirkle Fruit Company ("Zirkle") reiterated their argument that the duty, breach, and causation elements of their negligence claim were present in the record and that the Court should award them partial summary judgment. Defendant Guardian Ignition Interlock Manufacturing, Inc.

**ORDER DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** # 1

("Guardian") argued it was unclear whether Zirkle's conduct caused or contributed to the apple damage. Upon hearing from counsel, and being fully informed, the Court denied Defendant's cross-motion for summary judgment as to Plaintiff's negligence claim and took Plaintiff's motion for partial summary judgment under advisement. This Order memorializes the Court's oral rulings.

## Facts

Zirkle is an agricultural production company based in Selah, Washington. Zirkle asserts a negligence claim arising from damage to Honeycrisp and Gala apples via excessive ozone application in their controlled atmosphere ("CA") storage rooms. Guardian is a Georgia based company that designs, manufactures, and maintains ozone generation systems that preserve apples in cold storage. It is undisputed that Guardian designed, manufactured, and helped maintain the ozone generation system for Zirkle.

Zirkle and Guardian entered into an agreement for the purchase and installation of an ozone generation system at Zirkle's facility in Selah, Washington. An ozone generation system allows apple orchards the opportunity to prolong the natural life of apples. The ozone generation system is monitored through a device called a Teledyne, manufactured by Teledyne Technologies. The Teledyne devices were installed outside of the CA storage rooms. The Teledyne at issue monitored the ozone generation for CA rooms L-11, L-13, L-15, L-17, and L-19.

Guardian's representatives installed the ozone generation system, monitored ozone levels in the CA storage rooms, and performed site visits to inspect operations and perform routine maintenance at the Zirkle facility. Both Guardian and Zirkle representatives can make changes or test the Teledyne system and both parties can shut down the ozone generation system.

Sometime around January 27, 2022, Guardian was informed that Zirkle employees discovered damage to apples in CA rooms L-11, L-13, and L-15. After Zirkle's discovery of the damage, it shut down all CA rooms serviced by

**ORDER DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** # 2

Guardian's system. On February 22, 2022, Guardian sent Chandler Bobo to inspect the ozone generation system and review the system for issues. A portion of Zirkle's apples were damaged and showed signs of phytotoxicity which can occur when apples are exposed to excessive amounts of ozone.

## Legal Standard and Discussion

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**ORDER DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** # 3

The independent duty doctrine is "an analytical tool used by the court to maintain the boundary between torts and contract." *Eastwood v. Horse Harbor Found, Inc.*, 170 Wn.2d 380, 416, 241 P.3d 1256 (2010). Under the independent duty doctrine, "'[a]n injury … is remediable in tort if it traces back to the breach of a tort duty arising independently of the terms of the contract.'" *Elcon Const., Inc. v. Eastern Washington Univ.*, 174 Wn.2d 157, 165, 273 P.3d 965 (2012). The court determines whether there is an independent tort duty of care, and "[t]he existence of a duty is a question of law and depends on mixed considerations of logic, common sense, justice, policy, and precedent." *Eastwood*, 170 Wn.2d at 389.

Here, for the reasons stated on the record, the Court denied Guardian's cross-motion for summary judgment and took Zirkle's motion for partial summary judgment under advisement. The Court will issue a subsequent order as to Zirkle's motion for partial summary judgment soon.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment and Cross Motion for Summary Judgment Dismissing Plaintiff's Negligence Claim, ECF No. 30, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of the Court is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 20th day of October 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT** # 4