FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZIRKLE FRUIT COMPANY, a Washington corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>GUARDIAN IGNITION INTERLOCK MANUFACTURING, INC., a Georgia corporation,<br><br>    Defendant. | No. 1:23-CV-03025-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

    A summary judgment motion hearing was held in the above-captioned matter on October 18, 2023 in Yakima, Washington. Plaintiff was represented by Jerome Aiken. Defendant was represented by Thomas Vandenburg. Pending before the Court is Plaintiff's Motion for Partial Summary Judgment as to Liability, ECF No. 17.

    At the hearing, Plaintiff Zirkle Fruit Company ("Zirkle") reiterated their argument that the duty, breach, and causation elements of their negligence claim were present in the record and that the Court should award them partial summary judgment. Defendant Guardian Ignition Interlock Manufacturing, Inc. ("Guardian") argued it was unclear whether Zirkle's conduct caused or contributed to the apple damage. Following the hearing, the Court denied Guardian's cross-

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** # 1

motion for summary judgment as to Zirkle's negligence claim, ECF No. 38, and took Zirkle's motion for partial summary judgment under advisement. Upon review of the parties' arguments, the facts on the record, and relevant law, the Court grants Plaintiff's Motion for Partial Summary Judgment.

## Facts

Zirkle is an agricultural production company based in Selah, Washington. Zirkle asserts a negligence claim arising from damage to Honeycrisp and Gala apples via excessive ozone application in their controlled atmosphere ("CA") storage rooms. Guardian is a Georgia based company that designs, manufactures, and maintains ozone generation systems that preserve apples in cold storage. It is undisputed that Guardian designed, manufactured, and helped maintain the ozone generation system for Zirkle.

Zirkle and Guardian entered into an agreement for the purchase and installation of an ozone generation system at Zirkle's facility in Selah, Washington. An ozone generation system allows apple orchards the opportunity to prolong the natural life of apples. The ozone generation system is monitored through a device called a Teledyne, manufactured by Teledyne Technologies. The Teledyne devices were installed outside of the CA storage rooms. The Teledyne at issue monitored the ozone generation for CA rooms L-11, L-13, L-15, L-17, and L-19.

Guardian's representatives installed the ozone generation system, monitored ozone levels in the CA storage rooms, and performed site visits to inspect operations and perform routine maintenance at the Zirkle facility. Both Guardian and Zirkle representatives can make changes or test the Teledyne system and both parties can shut down the ozone generation system.

Sometime around January 27, 2022, Guardian was informed that Zirkle employees discovered damage to apples in CA rooms L-11, L-13, and L-15. After Zirkle's discovery of the damage, it shut down all CA rooms serviced by Guardian's system. On February 22, 2022, Guardian sent Chandler Bobo to inspect

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** # 2

the ozone generation system and review the system for issues. Chandler Bobo determined that improper installation of the Teledyne resulted in excessive ozone in the CA storage rooms. A portion of Zirkle's apples were damaged and showed signs of phytotoxicity which can occur when apples are exposed to excessive amounts of ozone.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** # 3

In a simple negligence case in Washington State, a plaintiff must prove that: 1) the defendant had a duty or obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks; 2) the defendant breached that duty; 3) the defendant's breach was a proximate cause of the plaintiff's injury; and 4) the plaintiff suffered compensable damages.

A duty obligates a party to conform to a particular standard of care toward another. *Transamerica Title Ins. Co. v. Johnson*, 103 Wn.2d 409, 413, 693 P.2d 697, 700 (1985). The question of duty is for the court to determine because it is purely legal. *Farias v. Port Blakely Company*, 22 Wn.App. 467, 472, 512 P.3d 574 (2022). A court determines the presence, measure, and scope of a duty of care, by weighing a "consideration of 'logic, common sense, justice, policy, and precedent.'" *Snyder v. Med. Serv. Corp. of E. Wash.*, 145 Wn.2d 233, 243, 35 P.3d 1158 (2001).

Proximate cause occurs when 'but for causation' and legal causation are present. *Hartley v. State*, 103 Wn.2d 768, 777, 698 P.2d 77 (1985). Unless the facts are undisputed and do not admit reasonable differences of opinion, the inquiry into proximate causation is for a jury. *Baughn v. Honda Motor Co., Ltd.*, 107 Wn.2d 127, 142, 727 P.2d 655 (1986). When determining legal causation, the Court focuses on "whether, as a matter of policy, the connection between the ultimate result and the act of the defendant is too remote or insubstantial to impose liability." *Schooley v. Pinch's Deli Market, Inc.*, 134 Wn.2d 468, 478–79, 951 P.2d 749 (1998). This inquiry depends on a mixture of "considerations of logic, common sense, justice, policy, and precedent." *Tyner v. Dep't. of Social and Health Services*, 141 Wn.2d 68, 82, 1 P.3d 1148 (2000).

## Discussion

Here, no material issues of fact are present. Zirkle proved that Guardian had a duty, Guardian breached that duty, and Guardian's breach was the proximate

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** # 4

cause of the apple damage at Zirkle's facility. Therefore, partial summary judgment is appropriate.

Guardian owed Zirkle a duty of care in the maintenance of the ozone generation system because Guardian agreed and admitted to performing necessary maintenance on the ozone generation system, including the at issue Teledyne devices. Furthermore, it was shown through discovery that Guardian's agent, Damon Lybeck, performed regular maintenance on the ozone generation system from September 2021 to February 2022. Failure to properly assemble or maintain the ozone generation system could result in foreseeable harm within the scope of Guardian's duty. Therefore, as a matter of law, Guardian had a duty to prevent damage to the apples as it relates to their Teledyne devices.

Furthermore, Guardian breached that duty, and the breach was the proximate cause of the damaged apples at Zirkle's facility. As shown in the record, Guardian and its agents were the only individuals to assemble, maintain, and inspect the ozone generation system. No Zirkle employees maintained the ozone generation system. Guardian's agent, Chandler Bobo, observed that the coalescing filter on the Teledyne system was incorrectly assembled. Chandler Bobo correctly installed the filter for the ozone generation system, and the system began infusing the correct amount of ozone. The excessive ozone in Zirkle's CA storage rooms occurred because the improper installation resulted in a low flow of ozone to the Teledyne devices from the cold storage rooms. That low flow of ozone mixed with normal air caused the system to calculate that there was not enough ozone in the CA storage rooms. As a result, the ozone generation system pumped excessive ozone into the CA storage rooms. Guardian's breach of their duty was the proximate cause of Zirkle's damages apples

Therefore, Zirkle proved the duty, breach, and causation elements of their negligence claim against Guardian and the Court grants Zirkle's Motion for Partial Summary Judgment.

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** # 5

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Partial Summary Judgment, ECF No. 17, is **GRANTED**.

2. The parties shall confer and notify the Court with a joint status report **no later than December 8, 2023** concerning the next steps for this case.

**IT IS SO ORDERED**. The Clerk of the Court is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 9th day of November 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** # 6